09-2678-ag
Wang v. Holder

BIA
Harbeck, IJ
A094 041 894

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# REVISED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand eleven.

PRESENT:
>       JOSÉ A. CABRANES,
>       BARRINGTON D. PARKER,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

WEI HUA WANG,
>       *Petitioner,*

>       v.                                    09-2678-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wei Hua Wang, a native and citizen of the People's Republic of China, seeks review of a June 9, 2009, order of the BIA affirming immigration judge ("IJ") Dorothy Harbeck's July 17, 2007, denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Wei Hua Wang*, No. A094 041 894 (B.I.A. June 9, 2009), *aff'g* No. A094 041 894 (Immig. Ct. N.Y. City July 17, 2007).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decision.  *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA did not err in finding that Wang failed to establish an objectively reasonable fear of persecution in China on account of the birth of her two U.S. citizen

2

children.  Wang's arguments are foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Contrary to Wang's contention, the BIA did not err in finding that letters she submitted from her sister and sister-in-law were not material to her case because they did not detail the forced sterilizations of similarly situated individuals, i.e., Chinese nationals returning to China with U.S. citizen children.  *See id*. at 160-61, 170-71.  The BIA also did not err by summarily considering the evidence in the record or the documents at issue in *Jian Hui Shao*.  *See id*. at 169; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

3

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk